BELSOME, J.,
dissents with reasons
hi respectfully dissent from the majority’s finding that the defendant failed to make a prima facie showing of intentional race-based discrimination in its Batson challenge.
Did the State create a prima facie case of intentional discrimination when it utilized 11 peremptory strikes solely against African American potential jurors?
As the majority acknowledged, the defendant must establish three elements to make a prima facie showing of purposeful discrimination: the prosecution’s strike was directed at a member of a “cognizable group,” the strike was peremptory, and the circumstances surrounding the strike gave rise to an inference that the venire-person was struck because of his or her membership in the cognizable group. The majority concedes that the first two requirements have been established, but asserts that the defendant failed to establish the third element
While the majority finds that the “meager” record does not support that the defendant made a showing of purposeful discrimination, I find that the evidence is sufficient to give rise to such an inference. A pattern of race-based discrimination was established when all eleven peremptory strikes utilized by the State during Injury selection were against African American persons. This pattern, coupled with the trial court’s requirement that the State provide race-neutral reasons for eight of the eleven peremptory strikes, creates an inference of purposeful discrimination sufficient to advance the Batson challenge inquiry to the second step.
The Louisiana Supreme Court has held that a pattern of peremptory strikes by the State against “members of a suspect class” can give rise to an inference of intentional discrimination.[1] While, as the majority points out, the Batson issue presented here concerns only the three challenged jurors, an examination of the voir dire transcript in its entirety illuminates the pattern of race-based discrimination. The transcript reflects that during the first round of voir dire all six venirepersons struck by the State through peremptory challenges were African American. Then in the second round, the State used five more peremptory challenges to strike only African American persons from the venire. The trial court recognized what might be a pattern, but was hesitant to definitively assert that a racially discriminatory pattern existed.
However, as the United States Supreme Court has stated, the bar is not set high for making a prima facie showing of inten *1239 tional discrimination[2] and it is not necessary that the trial court make an express finding of such purposeful discrimination.[3] Here, despite the trial court’s hesitancy to make a statement on the record that there was a pattern of race-based discrimination, the fact that every single venireperson struck by the State was African American leads to that conclusion.
IsWhile such a pattern alone may not be sufficient to establish an inference of purposeful discrimination, when the pattern is coupled with additional evidence of racially motivated discrimination such an inference can be made. The pattern here whereby only African Americans were struck from the venire, along with the trial court’s request that the State provide race-neutral explanations for eight of the eleven strikes supports an inference of intentional discrimination sufficient to move the Batson challenge analysis to step two.
The voir dire transcript indicates that when the defendant challenged the State’s final five peremptory strikes the trial court required the State to justify two of the strikes and then went on to improperly provide its own reasons for the strikes against the remaining three potential jurors. As the Louisiana Supreme Court has stated, “a trial judge’s demand that a prosecutor justify his use of peremptory strikes is tantamount to a finding that the defense has produced enough evidence to support an inference of discriminatory purpose.”[4] In this case, the actions of the trial court clearly establish that the defendant’s Batson challenge warranted a race-neutral justification, which should have been provided by the State rather than the court itself.
For these reasons, I dissent from the opinion. Therefore, I would vacate the defendant’s conviction and remand for a new trial.

. State v. Sparks, 1988-0017 (La.5/11/11), 68 So.2d 435, 468.

. See Johnson v. California, 545 U.S. 162, 170, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). “We did not intend the first step to be so onerous that a defendant would have to persuade the judge-on the basis of all the facts, some of which are impossible for the defendant to know with certainty-that the challenge was more likely than not the product of purposeful discrimination. Instead, a defendant satisfies the requirements of Batson’s first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.”

. The Court found that the defendant had in fact made a prima facie showing of purposeful discrimination where the trial court commented that it was suspicious that all three African-American prospective jurors were struck but ultimately found that the defendant had not met his burden.

. State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 288.